Frantz v XL Diamonds LLC

2026 NY Slip Op 03067

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Yaniv Frantz, Plaintiff-Appellant,

v

XL Diamonds LLC, et al., Defendants-Respondents.

Decided and Entered: May 14, 2026

Index No. 151672/22|Appeal No. 6619|Case No. 2025-06178|

Before: Webber, J.P., GonzáLez, Pitt-Burke, Higgitt, Hagler, JJ.

Law Offices of G. Oliver Koppell & Associates, New York (Scott Doherty of counsel), for appellant.

Kaufman Dolowich, LLP, New York (Kevin J. Windels of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about July 17, 2025, which denied plaintiff's motion for summary judgment on his causes of action for disability discrimination under the New York State Human Rights Law (State HRL) and City Human Rights Law (City HRL) and granted defendants' cross-motion for summary judgment dismissing those causes of action, unanimously affirmed, without costs.

Even assuming that plaintiff was a member of a protected class under the State and City HRLs based on his COVID-19 illness, Supreme Court correctly denied his motion for summary judgment because he failed to establish prima facie that his termination from employment occurred under circumstances giving rise to an inference of discrimination (see Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 35-36 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). The record presents no evidence that defendants made pejorative comments about people with COVID or treated similarly situated employees differently based on their COVID status (see Rodriguez v New York City Hous. Auth., 225 AD3d 458, 459 [1st Dept 2024], lv denied 42 NY3d 905 [2024]). Furthermore, contrary to plaintiff's contention, evidence that defendants required plaintiff to present a negative COVID test to return to work does not permit an inference of discriminatory animus. On the contrary, the New York City Commission on Human Rights provides that under the City HRL, "[c]onsistent with employers' need to take reasonable steps to protect the health and safety of their businesses, employers may require employees to provide evidence of their ability to safely return to the workplace after recovering from COVID-19 and to confirm that they are not contagious" (NYC Commission on Human Rights, COVID-19 & Employment Protections, https://www.nyc.gov/site/cchr/community/covid-employment.page [last accessed Apr. 14, 2026]).

Irrespective of whether plaintiff sustained his prima facie burden, defendants submitted evidence, both in opposition to plaintiff's motion and on their cross-motion, showing that plaintiff was terminated for the legitimate, nondiscriminatory reason that he used his purported sick time as an opportunity to take a vacation to Mexico, during defendants' busiest season, without telling his employer and without remaining available for work communications. In response, plaintiff failed to submit any evidence suggesting that defendants' reason for terminating his employment was pretextual or that his COVID-19 illness was a motivating favor in defendants' decision (see Hamburg v New York Univ. Sch. of Medicine, 155 AD3d 66, 73 [1st Dept 2017]). The fact that plaintiff traveled to Mexico after testing positive for COVID, does not suggest that he was terminated because he had COVID (see Caputo v IESI NY Corp., 228 AD3d 480, 481 [1st Dept 2024]).

We have considered plaintiff's additional arguments and find them unavailing.

[*2]

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026